JOSEPH H. BUSHBY, PLAINTIFF, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, DEFENDANT.

*Negligence — duty of a master to furnish a servant with safe machinery.*

The plaintiff, while acting as a brakeman in the employ of the defendant, was injured by the breaking of a wooden stake upon a platform car loaded with lumber which was being carried by one of the defendant's trains. This stake was, with several others, put in iron pockets at the sides of the car to keep the lumber in place. When the stake broke the lumber fell off, and the plaintiff was thrown to the ground and injured. Evidence was given tending to show that the stake which gave way was defective and partially decayed before it broke, and that these facts were apparent upon examination. At the trial the court nonsuited the plaintiff.

*Held,* that the nonsuit was improperly granted and that the case should have been submitted to the jury.

That the defendant's liability was not affected by the fact that the stakes were uniformly furnished by the shippers of the lumber, and that the stakes furnished in this case had been inspected by the defendant's agents.

That the duty of providing suitable stakes was a duty the defendant owed to its servants, and the negligence of the defendant's agents in inspecting the stakes was the negligence of the defendant and not simply that of a co-employee of the plaintiff.

MOTION by the plaintiff for a new trial on exceptions taken at the Steuben Circuit, and ordered to be heard at the General Term in the first instance. At the trial the court nonsuited the plaintiff.

*A. Hadden,* for the plaintiff.

*E. C. Sprague,* for the defendant.

SMITH, P. J.:

The plaintiff, while in the employ of the defendant as a brakeman, was injured by the breaking of a wooden stake upon a platform car loaded with lumber, which was being carried in one of defendant's trains upon its railroad. The stake was one of several that were put in iron pockets at the sides of the car for the purpose of keeping the load of lumber in place, and, by its breaking, a part of the lumber fell to the ground while the train was in motion and the plaintiff was thrown off with it, and thus was injured. The stakes were of whitewood, and there was evidence tending to show that the stake which gave way appeared after it broke to be of dozy, brittle and partially decayed wood, and unfit for the use to which it was put. It is well settled in this State that the duty of the master to the servant, and the implied contract between them, is to the effect that the master shall furnish proper, perfect and adequate machinery or other materials and appliances necessary for the proposed work; and that duty or contract is to be affirmatively and positively fulfilled and performed. (*Laning* v. *The New York Central Railroad Co.*, 49 N. Y., 521; *Corcoran* v. *Holbrook*, 59 id., 517.) That rule, we think, was the measure of the duty of the defendant to its employes in respect to providing the stakes referred to. The stakes were used to keep the lumber in place upon the car, and were a part of the apparatus and appliances necessary for the transportation of lumber. The transportation of lumber was not an exceptional and unprecedented thing upon defendant's road; it was done frequently, and as often as occasion required; the defendant had provided cars for the purpose, furnished with pockets for the reception of stakes; and stakes were used whenever they were needed to keep the lumber in place. They, or some other apparatus to keep the lumber in position, were necessary to the prosecution of that branch of the defendant's business.

It is argued by the defendant's counsel that as the stakes were uniformly furnished by the shipper, the defendant was under no obligation in respect to them, except to inspect them, and that that duty was performed in the present case. But we think the defendant could not divest itself of the duty it owed to its employes by leaving that duty to be performed by the shipper, or by making an arrangement with him whereby he undertook to perform it.

It is also urged for the defendant that the testimony shows that the stake in question was apparently sound, and that there was no defect about it which could be discovered by a reasonably careful inspection. There is much testimony tending that way, but one of the witnesses testified that the · *outside* of the stake was " spongy and like a cork where it had been shaved off with an axe." That, at least, raised a question for the jury as to whether a reasonably careful inspection would have disclosed the defect.

It is contended that if the agents of the company who were charged with the duty of inspecting the car for the purpose of ascertaining whether it was properly loaded, failed to do their duty in that respect, their negligence is that of co-employes of the plaintiff, and the defendant is not liable to him therefor. The test is (to use the language of FOLGER, J., in *Slater* v. *Jewett*) whether " the act that was to be done on this occasion was so essentially one for the master to do in his duty to his servants, that whatever subordinate was taken by him to do it, came to be the master in doing it." (85 N. Y., 70.) If we are right in holding that the furnishing of suitable apparatus and appliances to keep the lumber in position was a duty which the company owed to its employees, it seems to follow that the agents whom it employed to inspect the stakes furnished by the shipper to see whether they were fit for the intended purpose, in making such inspection acted in the place of the employer. In this respect the case is parallel to that of *Laning* (*supra*) and that of *Flike* v. *Boston and Albany Railroad Company* (53 N. Y., 549).

We do not think the position of the defendant's counsel can be maintained that the risk of the danger and injury which the plaintiff incurred was incident to his employment and was assumed by him. He assumed no risk of danger from defective machinery, materials or appliances, furnished by his employer, or which it was the duty of his employer to furnish; on the contrary, he had the right to assume that such articles were proper, perfect and adequate to the use for which they were provided. Nor can it be said as matter of law that the plaintiff was chargeable with negligence in not discovering the defect before he went upon the train. It does not appear that it was his duty to inspect the car to see whether it was properly loaded. True, he says that if he had discovered any-

thing wrong about it he would have reported it, but he was under no obligation to make inspection.    He says, also, that in passing the car he glanced at it but discovered no defect in the stake.

On the whole we think the plaintiff made a case for the jury, and that there should be a new trial.

BARKER and BRADLEY, JJ., concurred; HAIGHT, J., not voting.

Motion for new trial granted, with costs to abide the event.